Filed 6/24/24  P. v. Patterson CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>MICHAEL RALEIGH PATTERSON,<br>    Defendant and Appellant. | A166334<br><br>(Contra Costa County Super. Ct. No. 04002007185) |

In February 2020 defendant Michael Patterson injured his girlfriend Jane Doe's friend A.G. when A.G. attempted to intervene in an incident of domestic violence involving Patterson and Doe.  Charged with various crimes arising out of this and another incident, Patterson was convicted of them including, as pertinent here, assault by means likely to produce great bodily injury, with the jury also finding true the enhancement allegation that the injuries were inflicted "under circumstances involving domestic violence." Patterson contends that substantial evidence does not support application of the enhancement because he was never in a dating relationship with A.G. We affirm.

## BACKGROUND

On May 12, 2022, the Contra Costa County District Attorney filed an amended information charging Patterson with 10 counts arising out of two

1

separate incidents that took place on June 12, 2020 (counts 1–5) and February 29, 2020 (counts 6–10): infliction of corporal injury upon a spouse or cohabitant after a prior domestic violence conviction (Pen. Code, § 273.5, subd. (f)(1))[1] (counts 1 & 6), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) (counts 2 & 7), battery with serious bodily injury (§ 243, subd. (d)) (counts 3 & 8), contempt of court (§ 166, subd. (c)(1)) (counts 4, 5, & 10), and vandalism (§ 594, subd. (a)) (count 9). The information further alleged as an enhancement with respect to counts 1, 2, and 7 that Patterson committed those offenses "under circumstances involving domestic violence" within the meaning of section 12022.7, subdivision (e), and also alleged as an enhancement with respect to counts 3 and 8 that Patterson personally inflicted great bodily injury in the commission of those offenses.

At trial Jane Doe and her friend A.G. both testified regarding the February 29 incident. A.G. was staying temporarily at Doe's home as Doe "was scared to be alone" "[b]ecause of all of the . . . incidents with [Patterson]." At some point that day, Patterson was present in the house and A.G. went to the bedroom to get dressed so she could accompany Doe and Patterson on an errand.

While she was in the bedroom, A.G. heard "what sounded like somebody getting hit" and a sound "like a shriek a little bit." After she heard the noises, A.G. came out of the bedroom and "asked [Patterson] what happened," and he said "[n]othing." "[She] looked over at [Doe] and she had a mark underneath her eye" that "was all reddened." A.G. then "started hitting [Patterson] with a stick," testifying she "felt like [she] was protecting [Doe]." According to A.G.: "[T]hen a fight broke out between [Patterson] and

---

[1] Further undesignated statutory references are to the Penal Code.

I. He threw a chair at the coffee table. It was a glass top and broke it, broke half of it. And then took me down on top of the table when him and I were fighting. And he hit me in the back of the head twice." Meanwhile, Doe grabbed Patterson's shoulder and tried to pull him off A.G.

A.G. had a taser with her that had fallen on the ground during the fight. After she was able to get up, she tasered Patterson. Patterson then went to the kitchen and got a knife. Meanwhile, Doe and A.G. ran out the front door. About four houses down the block, A.G. realized she was bleeding from a wide cut on her right leg, and some neighbors called the police. Patterson fled the scene before police arrived. Doe suffered swelling to her forehead and scratches on her nose and above her left eyebrow. A.G., who took an ambulance to the hospital, sustained cuts to both of her legs, one of which required eight stitches.

In her closing argument, the prosecutor argued that Patterson was guilty of count 7 based on his February 29 assault on A.G., and that the jury should find true the enhancement allegation that that assault was committed "under circumstances involving domestic violence."

The jury found Patterson guilty as charged on each count and found true the enhancement allegations.

The trial court sentenced Patterson to an aggregate term of eight years in prison. The court set the primary count as count 1 and sentenced Patterson to the midterm of four years plus the middle term of four years on the section 12022.7, subdivision (e) enhancement. On count 7, the court imposed the midterm of three years plus a consecutive midterm of four years on the section 12022.7, subdivision (e) enhancement, to be served concurrently with the sentence on count 1.

## DISCUSSION

Patterson's only argument on appeal is that the jury's true finding on the section 12022.7, subdivision (e) enhancement with respect to count 7 is not supported by substantial evidence because he never dated A.G., and therefore his assault on her did not occur "under circumstances involving domestic violence." (§ 12022.7, subd. (e).)

Section 12022.7, subdivision (e) provides: "Any person who personally inflicts great bodily injury under circumstances involving domestic violence in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three, four, or five years. As used in this subdivision, 'domestic violence' has the meaning provided in subdivision (b) of Section 13700."[2]

Patterson's argument is defeated by the jury instruction on the enhancement. The jury was instructed—without defense objection—on the domestic violence enhancement pursuant to CALCRIM No. 3163. Although, as Patterson notes, that instruction provides that "*Domestic violence* means abuse committed against an adult who is a person who dated or is dating the defendant," it also provides that "The person who was injured does not have to be a person with whom the defendant had a relationship." (CALCRIM No. 3163.)

As the Attorney General argues, Patterson's argument is also defeated by our decision in *People v. Truong* (2001) 90 Cal.App.4th 887 (*Truong*)—a

---

[2] Section 13700, subdivision (b) provides in relevant part: " 'Domestic violence' means abuse committed against an adult or a minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship."

4

case that Patterson does not even cite much less discuss.[3]  There, defendant showed up at the home of his wife, from whom he was separated, at about 3:00 a.m.  (*Id*. at pp. 890–892.)  After opening the door so fast that his wife was pushed into the wall, defendant went into the bedroom and stabbed his wife's current boyfriend in the leg.  (*Id*. at pp. 891–892.)  And as he left, defendant shoved his wife's head into the wall, bruising the right side of her head and leaving an indentation in the wall.  (*Id*. at p. 892.)  A jury found defendant guilty of assault with a deadly weapon and found the true the enhancement allegation that the assault was committed under circumstances involving domestic violence.  (*Id*. at p. 890.)

We rejected defendant's arguments that the scope of the enhancement was limited to victims of domestic violence and that the statute was unconstitutionally vague explaining as follows:

"The language of section 12022.7, subdivision (d)[4], does not limit its application to injuries inflicted upon the victim or perpetrator of domestic violence.  As the prosecutor argued at trial, this is in contrast to section 12022.8, which establishes an enhancement for a defendant who personally inflicts great bodily injury 'on any victim' in a violation or attempted violation of enumerated sexual offense statutes.  It is also in contrast to subdivision (c) of section 12022.7, which describes an enhancement for a defendant who personally inflicts great bodily injury 'on a person who is 70 years of age or older' in the commission of a felony.  These

---

[3] Patterson did not file a reply brief.

[4] As *Truong* noted, the language contained in former section 12022.7, subdivision (d) is now contained in section 12022.7, subdivision (e).  (*Truong, supra*, 90 Cal.App.4th at p. 895, fn. 3; Stats. 2000, ch. 919, § 1.)

5

statutes demonstrate that the Legislature is capable of limiting the reach of an enhancement statute quite precisely. . . .

"The Legislature in section 12022.7, subdivision (d), could easily have limited application of the enhancement to great bodily injury inflicted upon a 'victim of domestic violence.' Instead, it chose the broad language 'under circumstances involving domestic violence.' This broadness does not render the statute either unconstitutionally vague or ambiguous: By its plain language, section 12022.7, subdivision (d), establishes an enhancement for any person who inflicts great bodily injury upon a person in the course of an incident of domestic violence. No person of ordinary intelligence would be left guessing as to the meaning of this language. Rather, the statute clearly informs a defendant who commits domestic violence that infliction of great bodily injury on any person involved in the incident, whether or not a victim of domestic violence under the definition of section 13700, will result in an enhanced sentence. It is easy to conjure the circumstances in which the statute might come into play, such as when the defendant inflicts great bodily injury upon a friend or relative who has attempted to come to the aid of the domestic violence victim, or upon a peace officer responding to an incident of domestic violence." (*Truong*, *supra*, 90 Cal.App.4th at pp. 899–900.)

The circumstances of this case are precisely those we described in *Truong*: A.G., who had been staying with Doe because of Patterson's history of domestic violence, heard what sounded like Doe being subjected to domestic violence and came to the aid of her friend, and was then herself subjected to great bodily injury at the hands of defendant.

## DISPOSITION

The judgment is affirmed.

6

_____

Richman, J.

We concur:

_____

Stewart, P.J.

_____

Miller, J.

*People v. Patterson* (A166334)

7